**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Sandra Broome,

Plaintiff,

v.

Rollouts, Incorporated,
a Minnesota corporation,

Defendant.

Civil No. 01-552 (RHK/JMM)
**MEMORANDUM OPINION AND ORDER**

---

John A. Fabian, III, Nichols Kaster & Anderson, Minneapolis, Minnesota, for Plaintiff.

David J. Duddleston and Natalie Wyatt-Brown, Jackson Lewis Schnitzler & Krupman, Minneapolis, Minnesota, for Defendant.

---

Plaintiff Sandra Broome instituted her eight-count Complaint alleging that (1) she was harassed and, ultimately, terminated because of her gender and because she requested maternity leave after becoming pregnant, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363.03, (2) Rollouts, Inc. retaliated against her for filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC" or "Commission") in violation of Title VII and by refusing to pay her certain commissions in violation of the MHRA, (3) Rollouts violated the Family Medical Leave Act, 29 U.S.C. § 2615(a), and the Minnesota Parenting Leave Law, Minn. Stat. § 181.940



FILED FEB 07 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD FEB 07 2002
DEPUTY CLERK

et seq., by refusing to permit her to take an unpaid leave of absence in connection with the birth of her second child and terminating her in retaliation for requesting such a leave, (4) Rollouts negligently retained and supervised other employees, and (5) Rollouts breached its employment contract with her by refusing to pay her certain commissions.

Presently before the Court is Rollouts's Rule 56 Motion for Summary Judgment. For the reasons set forth below, the Court grants Rollouts's motion with regard to Broome's Title VII claims because Broome failed to comply with EEOC regulations regarding the institution of suit in federal court; the Court will decline to exercise supplemental jurisdiction over the remaining state law claims.

**Facts and Procedural History**

Broome was hired as an Associate National Account Manager by Rollouts on February 28, 1998, with an annual salary of $30,000. (Aff. of Sandra Broome ("Broome Aff.") ¶¶ 2, 6.) In September of that year she was reassigned to project management within Rollouts and her salary was increased to $40,000 a year. (Id. ¶ 6.) In July, 1999, Broome was offered and accepted an incentive plan under which she would earn, in addition to her salary, a commission on all gross revenues derived from customers she originated. (Id. ¶ 7.)

In October, 1999, Broome went on maternity leave. (Id. ¶ 8.) While on leave she was reassigned to a sales prospecting position and given a new compensation plan, which provided for a three percent commission on all first year, gross revenues on sales she

generated. (Id. ¶¶ 8-9.) After she returned to Rollouts, Broome worked both as a sales prospector and an account manager. (Id. ¶ 12.)

In the summer of 2000, Broome, pregnant with her second child, advised Michael Kramer, Rollouts's President, that she intended to take maternity leave after she gave birth. (Id. ¶ 10.) In January, 2001, Broome was reassigned to an account and sales management position. (Id. ¶ 13.) On February 9, 2001, she was terminated. (Id. ¶ 2.) At the time of her termination she was seven months pregnant. (Id.)

On February 23, 2001, Broome filed a charge of discrimination with the EEOC. (Aff. of Natalie Wyatt-Brown ("Wyatt-Brown Aff.") ¶ 13, Exh. L.) On February 28, 2001, five days later, she requested the EEOC issue a notice of right to sue. (Id. ¶ 14, Exh. M.) The notice was issued the next day, March 1, 2001. (Id. ¶ 15, Exh. N.) The notice stated that it was issued at Broome's request and provided that "[t]he EEOC is terminating its processing of this charge." (Id.) No other reason was given for issuing the notice.

On March 26, 2001, Broome filed a second charge with the EEOC, alleging retaliation for the filing of the first charge. (Id. ¶ 16, Exh. O.) The EEOC issued the second notice of right to sue on March 28, 2001. (Id.) The notice again stated that it was issued at Broome's request and provided that "[t]he EEOC is terminating its processing of this charge." (Id.) No other reason was given for issuing the notice. This action was then commenced on March 29, 2001. (Compl.)

Both right to sue notices are form letters that provide the EEOC with four options for stating why the EEOC is issuing the notice of right to sue:

> [1] More than 180 days have passed since the filing of this charge.
> [2] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.
> [3] The EEOC is terminating its processing of this charge.
> [4] The EEOC will continue to process this charge.

(Wyatt-Brown Aff. ¶ 15, Exh. N.) The EEOC official filling out the form selects a reason for issuing the right to sue notice by checking a box in front of the appropriate reason. In this case, the EEOC official who signed the form, Area Office Director Bobbie J. Carter, selected only option number three, "[t]he EEOC is terminating its processing of this charge," in filling out both forms. (Id. ¶¶ 15, 16, Exh. N, O.)

## Analysis

### I. Standard of Decision

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Essentially, the court performs the threshold inquiry of determining whether there is need for a trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

### II. Issuance of the Notice of Right to Sue

Before filing suit in district court, a plaintiff claiming to be the victim of discrimination under Title VII must file a charge with the EEOC. 42 U.S.C. § 2000e-5.

The EEOC is required to investigate the charge by statute, 42 U.S.C. § 2000e-5, and by its own regulations, 29 C.F.R. §§ 1601.18 & 1601.28. After investigating the charge, if the EEOC determines "that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge" and promptly issue a right to sue notice. 42 U.S.C. § 2000e-5(b). The regulations further state that "[w]here a charge on its face, or as amplified by the statements of the person claiming to be aggrieved discloses, or where after investigation the Commission determines, that the charge . . . fails to state a claim under title VII . . . the Commission shall dismiss the charge." 29 C.F.R. § 1601.18. Alternatively,[1] the EEOC regulations provide that the EEOC may issue a right to sue notice

> at any time prior to the expiration of 180 days from the date of filing the charge with the Commission; provided that the [appropriate EEOC official] has determined that it is probable that the Commission will be unable to complete its administrative processing of the charge within 180 days from the filing of the charge and has attached a written certificate to that effect.

29 C.F.R. § 1601.28(a)(2).

Rollouts argues that Broome has not exhausted her administrative remedies because the EEOC never made a determination that it could not complete its processing

[1] The EEOC may also (1) issue a notice of right to sue after entering into a conciliation agreement where the person claiming to be aggrieved is not a party to the agreement,(2) issue a notice of right to sue after finding reasonable cause to believe that Title VII was violated if it is unable to obtain voluntary compliance with Title VII and has decided not to bring suit against the respondent, or (3) bring suit on behalf of the person claim to be aggrieved. 42 U.S.C. § 2000e-5; 29 C.F.R. § 1601.28.

of the charge within 180 days. Broome contends Rollouts's arguments were rejected by this Court in Knazze v. Hennepin County, 1999 U.S. Dist. LEXIS 22547, Civ. No. 99-1230 (D. Minn. Nov. 17, 1999), and Valardi v. Yellow Page Publisher, Inc., 2000 U.S. Dist. LEXIS 19745, Civ. No. 00-1370 (D. Minn. Nov. 3, 2000). These cases, however, only hold that when the EEOC has complied with its own regulations and has made a factual determination that it cannot complete its administrative processes within 180 days, a plaintiff may institute court action before 180 days have passed. Knazze, 1999 U.S. Dist. LEXIS 22547 (refusing to dismiss the suit where "the EEOC stated that it would be unable to process Knazze's charge within the statutory 180-day period); Valardi, 2000 U.S. Dist. LEXIS 19745 (concurring with Knazze).

The record here indicates that EEOC Area Office Director Carter made no findings as to the merits of either of Broome's charges or as to whether the EEOC could complete its administrative processing of the charges within 180 days. There is no evidence that Director Carter made a factual inquiry, held a fact-finding conference, or that the EEOC attempted to collect any evidence in this case. It appears that the EEOC never processed Broome's charges in any meaningful respect during the four working days it had the first charge or in the two days it had the second charge.

The notices themselves also indicate that the EEOC did not investigate the charges. The notices were "issued on request" and not because the EEOC had made a determination on the merits. (Wyatt-Brown Aff. ¶¶ 15, 16, Exh. N, O.) The notices do

not include a certificate stating that the EEOC has "determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge." Accordingly, they do not comport with the requirement of 29 C.F.R. §§ 1601.28 & 1601.18, requiring the EEOC, before issuing an early right to sue letter, to make a determination that the charge fails to state a claim upon which relief can be granted or to certify that it is unlikely that it will complete its administrative processing within 180 days.

Requiring the EEOC to investigate a charge, in compliance with its own regulations, before issuing a right to sue notice serves legitimate and valuable purposes in the administration of claims under Title VII. "Indeed, the issuance of a right-to-sue letter before the EEOC is permitted to investigate a plaintiff's allegation and attempt conciliation would result in an emasculation of the clear statutory language of Title VII and the Congressional policy underlying Title VII, which is aimed at having the EEOC, rather than the courts, resolving disputes involving unlawful employment practices." Stetz v. Reeher Enterprises, Inc., 70 F. Supp. 2d 119, 123 (N.D.N.Y. 1999).

This brings the Court to the question of relief. Contrary to Rollouts's assertion, the failure to properly obtain a notice of right to sue is not a jurisdictional defect. As the Supreme Court held in Zipes v. Trans World Airlines, Inc., "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and

equitable tolling." 455 U.S. 385, 393 (1982). Broome has failed to present any equitable considerations that might warrant an exception to this requirement; accordingly, the Court will dismiss her Title VII claims without prejudice.

## III. Broome's State Law Claims

Broome's remaining state law claims are before the Court pursuant to its supplemental jurisdiction. 28 U.S.C. § 1367 ("Except as provided in subsections (b) and (c) . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966). A district court may decline to exercise supplemental jurisdiction over a claim "if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367.

> [Supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right. . . . Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

Gibbs, 383 U.S. at 276. The Court declines to exercise supplemental jurisdiction over Broome's state law claims.

## Conclusion

Upon all the files, records, and proceedings herein, and for the reasons stated above, **IT IS ORDERED**:

1) Defendant's Motion for Summary Judgment (Doc. No. 18) is **GRANTED** and the Complaint is **DISMISSED;**
2) Count VIII is **DISMISSED WITH PREJUDICE;**[2] and
3) Counts I-VII are **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 7, 2002

Richard H. Kyle
United States District Judge

[2] Broome concedes that her Family Medical Leave Act claim (Count VIII) should be dismissed because Rollouts was not subject to the requirements of the Act at the time of her termination. (Pl.'s Memo. in Opp. to Mot. for Summ. J. at 28.)

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995